THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR15-0040-JCC |
| Plaintiff, | ORDER |
| v. | |
| DOMITRIC TYRONE HAWKINS, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion for early termination of supervised release (Dkt. No. 38). Having thoroughly considered the parties' briefing and the relevant record, the Court GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

Defendant pled guilty to one count of failure to register and update sex offender registration. (Dkt. Nos. 26, 30.) He was sentenced by the Court for time served, plus five years of supervised release. (Dkt. No. 36.) His supervised release began on August 4, 2015. (*Id.*)

Defendant now asks the Court to terminate his supervised release 17 months early. (*Id.*) Defendant asserts that early termination is appropriate because he has not had any violations while on probation, and there is no reason to continue supervision of a person who has demonstrated rehabilitation and poses little risk of reoffending. (Dkt. No. 38.) More pressingly, Defendant seeks early termination of his supervision because the Make a Wish Foundation has

ORDER
CR15-0040-JCC
PAGE - 1

agreed to finance a trip for Defendant's family to Disney World. (*Id.* at 3.) Probation contacted the Middle District of Florida to request permission for Defendant to travel there, but the request was denied. (Dkt. No. 38-1 at 2.) Probation indicated that it cannot support an early termination, but "believe[s] any concerns of recidivism have been adequately addressed through treatment and supervision." (*Id.*) The Government objects to Defendant's request because "[t]he government simply cannot . . . endorse an action that would serve to undermine the position of a stakeholder that is in a better position to evaluate the merits of [Defendant's] travel request." (Dkt. No. 39.)

## II. DISCUSSION

The Court may terminate a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In deciding whether early termination is appropriate, the Court must consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, the need to provide the defendant with correctional treatment in the most effective manner, and the need to avoid disparity among similarly situated defendants. 18 U.S.C. § 3583(e) (citing to factors listed by 18 U.S.C. § 3553(a)).

The Court considers each of the § 3553(a) factors in light of Defendant's case. Defendant's underlying offense is a serious one—in 2003, he was convicted of criminal sexual assault with force or threat of force against a 14-year-old victim. (Dkt. No. 1 at 3.) But Defendant did not have another conviction until 2015, the offense for which he is currently on supervised release. (Dkt. No. 38 at 1.) Other than that, Defendant does not have any other notable criminal history.

Defendant has not had a single supervision violation. (Dkt. No. 38-1 at 2.) Probation believes that any concerns of recidivism have been addressed. (*Id.*) The Court does not perceive a large deterrent effect from requiring Defendant to remain under supervision. Similarly, the

Court does not find that continued supervision would meaningfully protect the public from further crimes—Defendant was 21 years old when he committed the sexual assault; he is now 38 years old. (*Id.*) Furthermore, Defendant will still be subject to a registration requirement regardless of whether he remains on supervised release.

In consideration of all of the factors set forth in 18 U.S.C. § 3553(a) and the interests of justice, the Court finds that it is appropriate to terminate Defendant's supervision early. The Court gives particular weight to Defendant's good behavior on supervision, the lack of deterrence from further supervision, and the lack of protection to the public that continued supervision would bring.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for early termination of his supervised release (Dkt. No. 38) is GRANTED.

DATED this 26th day of March 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE